(Pleito No. 132—Fallado el 28 de Junio de 1901.)

## Frontera contra Cardi.

Recurso contra sentencia dictada por la Corte de Distrito de Ponce.

1.—Recurso por quebrantamiento de forma. Procede el recurso de casación por quebrantamiento de forma, por denegación de cualquiera diligencia de prueba admisible, según las leyes, y cuya falta haya podido producir indefensión.

2.—Pruebas. El acreedor de una persona que haya solicitado quita y espera tiene derecho á pedir el reconocimiento judicial de los libros del deudor y además la presentación, por los comerciantes que tienen interés en el asunto, de las cuentas corrientes llevadas en sus libros con aquél, quedando á dichos comerciantes la facultad de negarlas ó exibirlas, por ser las cuentas corrientes documentos privados.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á veinte y ocho de Junio de mil novecientos uno, en el incidente de previo y especial pronunciamiento seguido en el Tribunal del Distrito de Ponce por Don Amador Frontera y Alcovar, domiciliado en Yauco, contra Don Pedro de Cardi y Novella, vecino del mismo pueblo y propietario, sobre nulidad del juicio de espera promovido por el segundo; pendiente ante Nos en virtud de recurso de casación por quebrantamiento de forma, interpuesto por el demandante y sostenido en su defensa y representación ante este Tribunal

Supremo por el Letrado Don Herminio Díaz Navarro, habiéndolo estado el recurrido por el Licenciado Don Juan Guzmán Benítez.—Resultando·: Que Don Pedro de Cardi y Novella, en diez y ocho de Agosto del año próximo pasado presentó escrito al Tribunal del Distrito de Ponce solicitando que se convocase á los acreedores que constaban en la relación que acompañó para tratar de la quita y espera que solicitaba en vista de su activo y de las circunstancias críticas por que atraviesa el país y como resultado de esa gestión se señaló el ocho de Octubre del citado año para la celebración de la Junta para la que llegaron á citarse algunos de los acreedores relacionados.—Resultando: Que en diez y ocho de Septiembre del año citado de mil novecientos, Don Amador Frontera y Alcovar, con un vale á la orden, suscrito por Don Pedro de Cardi á favor de Don Angel P. Agostini endosado por éste á Frontera y ascendente á cuatrocientos noventa y seis pesos provinciales, estableció demanda de previo y especial pronunciamiento ante el Tribunal de Ponce para que se dejase sin efecto cuanto se actuó en el juicio de espera, y expuso como hechos, que Cardi es comerciante desde mil ochocientos noventa y cinco y aunque se dió de baja en la matrícula de industria y comercio en el mes de Junio de mil ochocientos noventa y ocho, la mayor parte de las obligaciones relacionadas para solicitar la quita y espera proceden de época anterior y, no obstante la baja, continuó verificando actos de comercio como á la simple vista se demuestra con las compras para su reventa hechas á varios comerciantes entre otros á Blasini hermanos y Carlos Armstrong, avecindados en la·ciudad de Ponce, y que no obstante esto se ha presentado en concurso cuando debe regirse por el Código de Comercio.—Resultando: Que Cardi se opuso negando los hechos, excepto los que se refieren á que en el noventa y cinco fué comerciante y á que se dió de baja en Junio de mil ochocientos noventa y ocho, y en el período oportuno propuso Frontera entre otras pruebas las siguientes: A. Que con citación contraria se libre mandamiento al No-

tario de Yauco para que expida testimonio de la escritura de liquidación de cuentas y venta de terrenos otorgada entre Cardi y dos individuos más; C. Que se requiera á varios comerciantes de Ponce y de Yauco para que presenten al Tribunal las cuentas corrientes llevadas en sus casas comerciales por Don Pedro de Cardi desde el año mil ochocientos noventa y cinco á la fecha; D. Que con vista de los libros de Cardi que ha debido llevar desde ·el año mil ochocientos noventa y cinco se compulsen también esas cuentas de los señores mencionados en el apartado anterior haciéndose constar previamente si los libros aludidos están sellados y con las formalidades de ley á cuyo efecto utiliza conjuntamente la prueba de reconocimiento judicial y pericial, consignándose en la diligencia si los créditos contraídos desde el año mil ochocientos noventa y cinco á mil ochocientos noventa y ocho han sido·totalmente solventados, ó las obligaciones renovadas, y por último, la declaración de un testigo residente en Marsella, que también está comprendido en la relación de sus acreedores.—Resultando: Que el Tribunal de Ponce negó toda la prueba anteriormente enumerada, por lo cual se estableció, sin resultado, el recurso de reposición y se tuvo por formulada la protesta á los efectos de la casación por la forma, y siguiendo la tramitación correspondiente, se dictó sentencia en catorce de Febrero del corriente año, declarando sin lugar el incidente sobre nulidad de las actuaciones de quita y espera iniciadas á instancia de Don Pedro de Cardi al que en su consecuencia no se declara en estado de comerciante, dice, se alza la suspensión en que estaban aquellos autos y se imponen todas las costas á Don Amador Frontera. —Resultando: Que éste ha interpuesto recurso de casación por haberse, á su entender, quebrantado en el juicio la forma esencial á que se refiere el caso quinto del artículo 1,691 de la Ley de Enjuiciamiento Civil ó sea la que consiste en la denegación de diligencias de pruebas admisibles según las leyes y cuya falta ha producido indefensión, infringiéndose por ello los artículos 577, 595, 601, 602 y 604 de la Ley

de Enjuiciamiento Civil y 47 del Código de Comercio.—
Visto: Siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués.—Considerando: Que según el número 5º del artículo 1,691 de la Ley de Enjuiciamiento Civil, procede el recurso de casación por quebrantamiento de forma por denegación de cualquiera diligencia de prueba admisible según las leyes, y cuya falta haya podido producir indefensión.—Considerando: Que de los hechos de la demanda se derivan tres afirmaciones concretas y claras, ó sea que Don Pedro Cardi es comerciante porque ha comprado para revender con lucro efectos en cantidad considerable; que ha practicado actos de comercio; y que la mayor parte de sus créditos pendientes y que relaciona para solicitar la quita y espera, proceden de la época anterior á la baja como comerciante, y como la prueba documental propuesta y denegada tiende á comprobar esas afirmaciones el Tribunal debió admitirlas y no declararlas impertinentes ó inútiles, toda vez que con la negativa quedó indefenso el derecho del actor.—Considerando: Que el requerimiento solicitado para que comerciantes que tienen interés en el asunto presenten las cuentas corrientes llevadas en sus casas por Don Pedro Cardi desde el año mil ochocientos noventa y cinco, no se opone á ningún precepto escrito y además debió tenerse en cuenta, para su admisión, que siendo las cuentas corrientes documentos privados les quedaba á ellos la facultad de negarlas ó exhibirlas según el artículo 602 en relación con el 601 de la Ley de Enjuiciamiento Civil.—Considerando: Que la prueba que se refiere á los libros de Don Pedro de Cardi es de todo punto pertinente, dados los hechos de la demanda, y no sólo está autorizada por el artículo 47 del Código de Comercio, sino que algo ha de significar el precepto categórico del artículo 49 del citado Código, que obliga al comerciante y á un heredero ó sucesor, á conservar sus libros por todo el tiempo que dure su giro y hasta cinco años después de la liquidación de todos sus negocios y dependencias mercantiles.—Considerando: Que

el cotejo de las cuentas corrientes y el reconocimiento judicial de los libros de Cardi, son una consecuencia de las anteriores y, si estos particulares de prueba son pertinentes, claro es que lo son también las diligencias que le han de dar eficacia legal.—Considerando: Que la prueba pericial propuesta y denegada no tiene explicación dentro de los demás particulares, resultando por consiguiente inútil é impertinente.— Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación por quebrantamiento de forma interpuesto por Don Amador Frontera y Alcovar, y en su consecuencia casamos y anulamos la sentencia dictada en catorce de Febrero del corriente año por el Tribunal del Distrito de Ponce; mandamos que, reponiendo dicha Corte los autos al estado correspondiente, y admitiendo la prueba articulada por Frontera con las letras A, C y D en su primera parte, en el escrito de treinta de Octubre del año anterior, proceda á lo demás que haya lugar con arreglo á derecho; no hacemos especial condena de costas; y líbrese al referido Tribunal la oportuna certificación acompañada de los autos por el mismo remitidos.—Así por esta nuestra sentencia que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Luis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario sustituto certifico, en Puerto Rico á veinte y ocho de Junio de mil novecientos uno.—Eugenio Alvarez, *Secretario sustituto*.